UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HOLCIM (US) INC., et al.<br><br>Defendants. | Civil Action No. 1:11-cv-01119-CCB<br><br>**ANSWER** |

**RESPONSE TO NATURE OF THE ACTION**

1. Holcim (US) Inc. ("Holcim") and St. Lawrence Cement Company, LLC ("St. Lawrence") (collectively "Defendants") admit that Plaintiff purports to bring this action against Holcim and St. Lawrence pursuant to Sections 113(b) and 167 of the Clean Air Act ("the Act" or "CAA"), 42 U.S.C. §§ 7413(b) and 7477. The remaining allegations contained in paragraph 1 are legal conclusions which require no response. Should a response be deemed required, Holcim and St. Lawrence deny the allegations.

**RESPONSE TO JURISDICTION AND VENUE**

2. Holcim and St. Lawrence admit that Plaintiff has invoked federal subject matter jurisdiction pursuant to 42 U.S.C. §§ 7413(b) and 7477 and pursuant to 28 U.S.C. §§ 1331, 1345, and 1355. The remaining allegations contained in paragraph 2 are legal conclusions which require no response. Should a response be deemed required, Holcim and St. Lawrence deny the allegations.

3. Holcim and St. Lawrence admit that the portland cement plant at issue is operated by Holcim in this District. The remaining allegations contained in paragraph 3 are legal conclusions which require no response. Should a response be deemed required, Holcim and St. Lawrence deny the allegations.

**RESPONSE TO NOTICES**

4. Holcim and St. Lawrence admit that EPA issued Notices of Violation ("NOVs") on June 4, 2008 and June 23, 2009 to Holcim for alleged violations of the PSD provisions of the Act and COMAR 26.11.06.14, pursuant to 42 U.S.C. § 7413(a)(1) and (a)(3). Holcim and St. Lawrence are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4, and therefore deny them.

5. Holcim and St. Lawrence admit that EPA issued an NOV on June 23, 2009 to St. Lawrence for alleged violations of the PSD provisions of the Act and COMAR 26.11.06.14, pursuant to 42 U.S.C. § 7413(a)(1) and (a)(3). Holcim and St. Lawrence are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5, and therefore deny them.

6. Holcim and St. Lawrence admit that more than 30 days have elapsed since issuance of the NOVs referred to in the preceding Paragraphs.

7. Holcim and St. Lawrence are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 7, and therefore deny it.

**RESPONSE TO DEFENDANTS**

8. Holcim and St. Lawrence admit that Holcim is a Delaware corporation and is the owner/operator of a portland cement plant located at 1260 Security Road, Hagerstown, Maryland, 21742 in Washington County (hereinafter "Facility").

9. Holcim and St. Lawrence admit that St. Lawrence is a Delaware corporation and is the former owner of the Facility. Holcim and St. Lawrence deny the remaining allegations in paragraph 9.

10. The allegations contained in paragraph 10 are legal conclusions that require no response. Should a response be deemed required, Holcim and St. Lawrence deny the allegations.

**RESPONSE TO STATUTORY AND REGULATORY BACKGROUND**

11. The allegations contained in paragraph 11 are legal statements that require no response. Should a response be deemed required, Holcim and St. Lawrence deny the allegations.

**RESPONSE TO THE NATIONAL AMBIENT AIR QUALITY STANDARDS**

12. The allegations contained in paragraph 12 are legal statements that require no response. Should a response be deemed required, Holcim and St. Lawrence deny the allegations.

13. The allegations contained in paragraph 13 are legal statements that require no response. Should a response be deemed required, Holcim and St. Lawrence deny the allegations.

14. The allegations contained in paragraph 14 are legal statements that require no response. Should a response be deemed required, Holcim and St. Lawrence deny the allegations.

15. Holcim and St. Lawrence are without knowledge or information sufficient to form a belief as to the meaning of "at all times relevant to the Complaint." Holcim and St. Lawrence admit that since 2003, Washington County, Maryland, the area in which the Facility is located, has been classified as attainment or unclassifiable for $SO_2$.

**RESPONSE TO THE PREVENTION OF SIGNIFICANT DETERIORATION REQUIREMENTS**

16. The allegations contained in paragraph 16 are legal statements that require no response. Should a response be deemed required, Holcim and St. Lawrence deny the allegations.

17. The allegations contained in paragraph 17 are legal statements that require no response. Should a response be deemed required, Holcim and St. Lawrence deny the allegations.

18. The allegations contained in paragraph 18 are legal statements that require no response. Should a response be deemed required, Holcim and St. Lawrence deny the allegations.

19. The allegations contained in paragraph 19 are legal statements that require no response. Should a response be deemed required, Holcim and St. Lawrence deny the allegations.

20. The allegations contained in paragraph 20 are legal statements that require no response. Should a response be deemed required, Holcim and St. Lawrence deny the allegations.

21. Holcim and St. Lawrence admit that on May 28, 2002, EPA approved Maryland's PSD program rules, COMAR 26.11.06.14, into the Maryland SIP, with an effective date of July 29, 2002.

22. The allegations contained in paragraph 22 are legal statements that require no response. Should a response be deemed required, Holcim and St. Lawrence deny the allegations.

23. The allegations contained in paragraph 23 are legal statements that require no response. Should a response be deemed required, Holcim and St. Lawrence deny the allegations.

24. The allegations contained in paragraph 24 are legal statements that require no response. Should a response be deemed required, Holcim and St. Lawrence deny the allegations.

25. The allegations contained in paragraph 25 are legal statements that require no response. Should a response be deemed required, Holcim and St. Lawrence deny the allegations.

26. The allegations contained in paragraph 26 are legal statements that require no response. Should a response be deemed required, Holcim and St. Lawrence deny the allegations.

27. The allegations contained in paragraph 27 are legal statements that require no response. Should a response be deemed required, Holcim and St. Lawrence deny the allegations.

28. The allegations contained in paragraph 28 are legal statements that require no response. Should a response be deemed required, Holcim and St. Lawrence deny the allegations.

29. The allegations contained in paragraph 29 are legal statements that require no response. Should a response be deemed required, Holcim and St. Lawrence deny the allegations.

30. The allegations contained in paragraph 30 are legal statements that require no response. Should a response be deemed required, Holcim and St. Lawrence deny the allegations.

31. The allegations contained in paragraph 31 are legal statements that require no response. Should a response be deemed required, Holcim and St. Lawrence deny the allegations.

32. The allegations contained in paragraph 32 are legal statements that require no response. Should a response be deemed required, Holcim and St. Lawrence deny the allegations.

33. The allegations contained in paragraph 33 are legal statements that require no response. Should a response be deemed required, Holcim and St. Lawrence deny the allegations.

34. The allegations contained in paragraph 34 are legal statements that require no response. Should a response be deemed required, Holcim and St. Lawrence deny the allegations.

## RESPONSE TO TITLE V PERMIT PROGRAM

35. The allegations contained in paragraph 35 are legal statements that require no response. Should a response be deemed required, Holcim and St. Lawrence deny the allegations.

36. The allegations contained in paragraph 36 are legal statements that require no response. Should a response be deemed required, Holcim and St. Lawrence deny the allegations.

37. Holcim and St. Lawrence admit that, in 2003, EPA granted final approval of the federally enforceable Maryland Title V program. Holcim and St. Lawrence admit that Maryland's Title V program is codified in COMAR 26.11.03.

38. The allegations contained in paragraph 38 are legal statements that require no response. Should a response be deemed required, Holcim and St. Lawrence deny the allegations.

39. The allegations contained in paragraph 39 are legal statements that require no response. Should a response be deemed required, Holcim and St. Lawrence deny the allegations.

40. The allegations contained in paragraph 40 are legal statements that require no response. Should a response be deemed required, Holcim and St. Lawrence deny the allegations.

41. The allegations contained in paragraph 41 are legal statements that require no response. Should a response be deemed required, Holcim and St. Lawrence deny the allegations.

42. The allegations contained in paragraph 42 are legal statements that require no response. Should a response be deemed required, Holcim and St. Lawrence deny the allegations.

43. The allegations contained in paragraph 43 are legal statements that require no response. Should a response be deemed required, Holcim and St. Lawrence deny the allegations.

**RESPONSE TO ENFORCEMENT PROVISIONS**

44. The allegations contained in paragraph 44 are legal statements that require no response. Should a response be deemed required, Holcim and St. Lawrence deny the allegations.

45. The allegations contained in paragraph 45 are legal statements that require no response. Should a response be deemed required, Holcim and St. Lawrence deny the allegations.

46. The allegations contained in paragraph 46 are legal statements that require no response. Should a response be deemed required, Holcim and St. Lawrence deny the allegations.

**RESPONSE TO GENERAL ALLEGATIONS**

47. Holcim and St. Lawrence are without knowledge or information sufficient to form a belief as to the truth of the meaning of "at all times pertinent to this civil action." Holcim and St. Lawrence admit that St. Lawrence was the prior operator of the Facility, but deny that St. Lawrence is the current operator of the Facility.

48. Holcim and St. Lawrence admit that from 1985 through December 31, 2007, St. Lawrence owned the Facility.

49. Holcim and St. Lawrence admit that from January 1, 2008 through the present, Holcim owned the Facility. Holcim and St. Lawrence admit that Holcim currently owns and operates the Facility.

50. Holcim and St. Lawrence are without knowledge or information sufficient to form a belief as to the truth of the meaning of "at all relevant times." Holcim and St. Lawrence admit that, since 2003, the Facility has produced cement as a result of conducting several sequential and related process activities. Holcim and St. Lawrence admit that the cement processing activities have included the quarrying of raw materials, the crushing of raw materials, the grinding and mixing of raw materials, the heating of raw materials in a kiln to produce clinker, the cooling of clinker in a clinker cooler, and the mixing of clinker with other materials at a finish grinding system to produce cement. To the extent that Plaintiff alleges that these activities include "other things," Holcim and St. Lawrence are without knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore deny them.

51. Holcim and St. Lawrence are without knowledge or information sufficient to form a belief as to the truth of the meaning of “at all times pertinent to this civil action.” Holcim and St. Lawrence admit that since 2003, the Facility has – in accordance with its permit – emitted and continues to emit more than 100 tons per year of certain pollutants subject to regulation under the Act, including $SO_2$.

52. Holcim and St. Lawrence are without knowledge or information sufficient to form a belief as to the truth of the meaning of “at all times pertinent to this civil action.” Holcim and St. Lawrence admit that since 2003, the Facility was and is a portland cement plant. The remaining statements contained in paragraph 52 are legal conclusions that require no response. Should a response to these allegations be deemed required, Holcim and St. Lawrence deny them.

53. The statements contained in paragraph 53 are legal conclusions that require no response. Should a response to these allegations be deemed required, Holcim and St. Lawrence deny them.

54. The statements contained in paragraph 54 are legal conclusions that require no response. Should a response to these allegations be deemed required, Holcim and St. Lawrence deny them.

## RESPONSE TO FIRST CLAIM FOR RELIEF

55. With respect to the allegations contained in paragraph 55 and this section of the Complaint, Holcim and St. Lawrence repeat and reassert each and every admission, denial, and statement set forth in paragraphs 1 - 54 of this Answer with the same force and effect as if those admissions, denials, and statements were made in this section in full.

56. Holcim and St. Lawrence admit that in 2003, St. Lawrence commenced construction of a mid-kiln tire injection system at the Facility that Plaintiff has defined as the Tire Derived Fuel Project ("TDF Project").

57. Holcim and St. Lawrence admit that the TDF Project involved installation of a mid-kiln tire chute for the injection of whole tires as a fuel source. Holcim also admits that the Facility installed a new induced draft fan and mixing air technology, and that the Facility replaced a burner pipe. The allegation that these activities were part of the "TDF Project" as defined by Plaintiff is a legal conclusion that requires no response. Further, to the extent that Plaintiff alleges that the construction included other activities, Holcim and St. Lawrence are without knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore deny them.

58. Holcim and St. Lawrence deny the allegations contained in paragraph 58.

59. Holcim and St. Lawrence deny the allegations contained in paragraph 59.

60. Holcim and St. Lawrence admit that St. Lawrence sought and obtained a state construction permit prior to commencing construction on the TDF Project, but admit that Holcim and St. Lawrence did not obtain a PSD permit prior to commencing construction on the TDF Project.

61. Holcim and St. Lawrence admit that Holcim has applied for, but not yet obtained, a PSD permit in relation to the TDF Project.

62. Holcim and St. Lawrence deny the allegations contained in paragraph 62.

63. Holcim and St. Lawrence deny the allegations contained in paragraph 63.

64. Holcim and St. Lawrence deny the allegations contained in paragraph 64.

65. Holcim and St. Lawrence deny the allegations contained in paragraph 65.

66. Holcim and St. Lawrence deny the allegations contained in paragraph 66.

67. Holcim and St. Lawrence deny the allegations contained in paragraph 67.

## RESPONSE TO SECOND CLAIM FOR RELIEF

68. With respect to the allegations contained in paragraph 68 and this section of the Complaint, Holcim and St. Lawrence repeat and reassert each and every admission, denial, and statement set forth in paragraphs 1 - 67 of this Answer with the same force and effect as if those admissions, denials, and statements were made in this section in full.

69. Holcim and St. Lawrence deny the allegations contained in paragraph 69.

70. Holcim and St. Lawrence admit that on or about July 15, 1997, St. Lawrence, doing business as Independent Cement Corporation, submitted a Title V permit application (the "1997 Title V application") to the Maryland Department of Environment ("MDE").

71. Holcim and St. Lawrence admit that the 1997 Title V application did not identify the PSD regulations as applicable requirements.

72. Holcim and St. Lawrence admit that the 1997 Title V application did not certify compliance with the PSD regulations or contain a compliance plan for achieving compliance with the PSD regulations.

73. Holcim and St. Lawrence admit that the 1997 Title V application was supplemented at least one time before the permit was issued.

74. Holcim and St. Lawrence admit that none of the Title V application supplements identified the PSD regulations as applicable requirements.

75. Holcim and St. Lawrence admit that none of the Title V application supplements certified compliance with the PSD regulations or contained a compliance plan for achieving compliance with the PSD regulations.

76. Holcim and St. Lawrence deny the allegations contained in paragraph 76.

77. Holcim and St. Lawrence admit that on February 1, 2005, St. Lawrence obtained a Title V permit for the Facility.

78. Holcim and St. Lawrence deny the allegations contained in paragraph 78.

79. Holcim and St. Lawrence deny the allegations contained in paragraph 79.

80. Holcim and St. Lawrence admit that the operating permit does not contain a compliance plan. Holcim and St. Lawrence deny the remaining allegations contained in paragraph 80.

81. Holcim and St. Lawrence deny the allegations contained in paragraph 81.

82. Holcim and St. Lawrence deny the allegations contained in paragraph 82.

83. Holcim and St. Lawrence deny the allegations contained in paragraph 83.

## RESPONSE TO PRAYER FOR RELIEF

Holcim and St. Lawrence deny that Plaintiff is entitled to the relief requested in paragraphs 1 through 7 of their Prayer for Relief, or to any other relief.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE
**(Failure to State a Claim)**

Plaintiff's claims are barred, in whole or in part, because the complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE
**(Mootness)**

Plaintiff's claims are barred, in whole or in part, as moot. Holcim has already applied for a PSD permit for the TDF Project, and MDE is currently reviewing this application.

### THIRD DEFENSE
**(Improper Procedure)**

Plaintiff's claims are barred, in whole or in part, because EPA did not follow proper procedure to challenge Holcim and St. Lawrence's Title V permit. Plaintiff's claims regarding the alleged inadequacies in the Title V permit should have been addressed during the permitting process, which provides for a review period for EPA. Plaintiff's claims constitute a collateral attack on a validly issued Title V permit and should not be entertained in this Court.

**FOURTH DEFENSE**
**(PSD Permit Application Already Submitted)**

Plaintiff's claims for injunctive relief are barred, in whole or in part, because Holcim has already applied for a PSD permit for the TDF Project. MDE is currently reviewing this application, making it inappropriate for this Court to entertain Plaintiff's claims.

**FIFTH DEFENSE**
**(Fair Notice, Fourteenth Amendment)**

Plaintiff's claims are barred, in whole or in part, because the alleged violations are based upon regulatory interpretations recently created by EPA of which Holcim and St. Lawrence were not given fair notice. Consequently, Plaintiff's efforts to enforce retroactively those new interpretations violate Holcim and St. Lawrence's right to due process of law under the Fourteenth Amendment to the Constitution of the United States.

**SIXTH DEFENSE**
**(Fair Notice, Article I)**

Plaintiff's claims are barred, in whole or in part, because the alleged violations are based upon regulatory interpretations recently created by EPA of which Holcim and St. Lawrence were not given fair notice. Consequently, this action constitutes an effort to enforce an *ex post facto* law in violation of Article I, Section 9 of the Constitution of the United States.

**SEVENTH DEFENSE**
**(Void for Vagueness)**

Plaintiff's claims are barred, in whole or in part, because the alleged violations are predicated on regulations, as well as regulatory interpretations, that are void for vagueness and that, therefore, violated Holcim and St. Lawrence's right to due process of law under the Fourteenth Amendment to the Constitution of the United States.

**EIGHTH DEFENSE**
**(Violation of the Administrative Procedure Act)**

Plaintiff's claims are barred, in whole or in part, because the alleged violations are predicated on regulatory interpretations recently created by EPA that were not accomplished by valid rulemaking as required by the Administrative Procedure Act, 5 U.S.C. §§ 551-53, and Section 307(d) of the Clean Air Act, 42 U.S.C. § 7607(d).

**NINTH DEFENSE**
**(Violation of the Federal Register Act)**

Plaintiff's claims are barred, in whole or in part, because the alleged violations are predicated on regulatory interpretations made by EPA in violation of the Federal Register Act, 44 §§ U.S.C. 1501 *et seq*.

**TENTH DEFENSE**
**(*Ultra Vires* Regulatory Interpretation)**

Plaintiff's claims are barred, in whole or in part, because the alleged violations are predicated on regulatory interpretations recently created by EPA that fall outside the delegation authority by Congress to EPA under the CAA and are therefore *ultra vires*.

**ELEVENTH DEFENSE**
**(Violation of the Congressional Review of Agency Rulemaking)**

Plaintiff's claims are barred, in whole or in part, because the alleged violations are predicated on interpretations made by EPA in violation of 5 U.S.C. § 801 *et seq.*, Congressional Review of Agency Rulemaking.

**TWELFTH DEFENSE**
**(Equities Weigh Against Relief)**

Plaintiff's claims for injunctive relief are barred, in whole or in part, because the equities of this case weigh against such relief.

**THIRTEENTH DEFENSE**
**(Statute of Limitations)**

Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

**FOURTEENTH DEFENSE**
**(Compliance with Law)**

Plaintiff's claims for relief are barred, in whole or in part, because Holcim and St. Lawrence are not in current violation of applicable law, and because at all relevant times the Facility has been in

compliance with applicable provisions of the CAA, EPA's implementing regulations, the relevant statutes and regulations of Maryland, and the requirements and conditions of applicable Maryland permits.

**FIFTEENTH DEFENSE**
**(Routine Maintenance, Repair and Replacement)**

Plaintiff's claims are barred, in whole or in part, because the activities alleged in the Complaint to be modifications in fact constituted routine maintenance, repair or replacement projects, and therefore are excluded from any PSD permitting requirement.

**SIXTEENTH DEFENSE**
**(Right to Amend Defenses)**

Holcim and St. Lawrence hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and trial, and thus reserve the right to amend their defenses.

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES, CONSIDERED, Defendants Holcim and St. Lawrence pray that this Court will determine:

A. Judgment in favor of Holcim and St. Lawrence and against Plaintiff dismissing Plaintiff's Complaint with prejudice;

B. Holcim and St. Lawrence should be awarded attorney's fees, court costs, and other costs incurred against claims brought by Plaintiff; and

C. Any other and further relief this Court determines to be just and proper.

Dated: August 1, 2011

Respectfully submitted,

_______/s/__________________

DAVID A. SUPER
Maryland No. 22200
Baker Botts L.L.P.
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2400
Email: david.super@bakerbotts.com
202.639.7768 (phone) 202.585.1065 (fax)

WILLIAM M. BUMPERS
JOSHUA B. FRANK
District of Columbia No. 385282
District of Columbia No. 461050
Baker Botts L.L.P.
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2400
Email: william.bumpers@bakerbotts.com
202.639.7718 (phone) 202.585.1008 (fax)
Email: joshua.frank@bakerbotts.com
202.639.7748 (phone) 202.585.1021 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that this Answer was filed electronically with the court's ECF system to be served to all counsel of record through the ECF system.

/s/
David A. Super

Dated: August 1, 2011